UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW CARTER,<br><br>Plaintiff,<br><br>vs.<br><br>KELLIE WASKO, SECRETARY OF CORRECTIONS, OFFICIAL CAPACITY; TERESA BITTINGER, WARDEN, OFFICIAL CAPACITY; JESSICA COOK, ASSOCIATE WARDEN, OFFICIAL CAPACITY; SAMUEL YOST, UNIT COORDINATOR, OFFICIAL CAPACITY; CRAIG MOUSEL, MAIL ROOM CLERK, OFFICIAL CAPACITY; TAMMY MERTENS-JONES, CULTURAL SPIRITUAL ACTIVITIES COORDINATOR, OFFICIAL CAPACITY; ARAMARK CORRECTIONAL SERVICES, LLC, IN ITS INDIVIDUAL AND OFFICIAL CAPACITIES; AND MARLIN'S INC., IN ITS INDIVIDUAL AND OFFICIAL CAPACITIES;<br><br>Defendants. | 4:22-CV-04103-RAL<br><br><br>OPINION AND ORDER DISMISSING DEFENDANT JESSICA COOK, DIRECTING DEFENDANTS TO ANSWER, PROVIDING RULE 4(m) NOTICE, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

Plaintiff Matthew Carter, an inmate at the South Dakota State Penitentiary ("SDSP"), filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court granted Carter leave to proceed in forma pauperis and ordered him to pay an initial filing fee. Doc. 6. After Carter timely paid his initial fee, this Court screened Carter's complaint under 28 U.S.C. § 1915A, dismissing the complaint in part and directing service upon defendants in part. Doc. 11. All but one of the defendants this Court directed service upon were served on December 2, 2022. Doc. 22. The summons for defendant Jessica Cook was returned unexecuted because she is no longer

employed at the SDSP. Doc. 20 at 3. The Clerk of Court provided to Carter a copy of the USM-285 Form for Cook that was returned unserved and informed him that he must complete a new summons and USM-285 for the defendant who was not served. Doc. 21. The Clerk of Court also provided Carter a blank summons, blank USM-285 form, and sample completed forms. Id. Carter has not completed and sent to the Clerk of Court a new summons and USM-285 form for Cook.

After all the defendants except Cook were served, the defendants moved for an extension of time to answer the Complaint, pursuant to Federal Rule of Civil Procedure 6(b)(1)(A). Doc. 19. Defendants requested that their time to answer be extended until Cook is properly served to avoid having to file multiple, duplicative Answers to the Complaint. Id. This Court granted the Defendants' Motion for Extension of Time, Doc. 19, and ordered that Defendants answer or otherwise respond to Plaintiff's Complaint on or before twenty-one (21) days after defendant Cook is served. Doc. 23.

After his Complaint was screened but before defendants had been served, Carter filed a motion to amend his complaint to add new defendants and to bring additional claims against the existing defendants. Doc. 13. This Court granted Carter's motion to amend and screened his additional claims under 28 U.S.C. § 1915A. Doc. 26. Because some of Carter's claims against new defendants Summit Food Services and Aramark Correctional Services, survived screening, this Court directed service upon Summit Food Services and Aramark Correctional Services. Doc. 26 at 20-21. The Clerk of Court, pursuant to this Court's January 18, 2023, Order, sent to Clark two blank summons forms and two blank USM-285 forms. Doc. 26. Carter has not

completed and returned to the Clerk of Court a separate summons and USM-285 form for defendants Summit Food Services and Aramark Correctional Services.[1]

I.   ANALYSIS

A.   **Rule 25(d) Substitution**

Carter's complaint and amended complaint includes claims against Dan Sullivan in his official capacity for injunctive relief which survived screening. Doc. 11 at 15-16; Doc. 26 at 19-20. Sullivan is the former Warden of the SDSP. Teresa Bittinger is the current Warden of the SDSP. Under Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). Teresa Bittinger, in her official capacity, is automatically substituted for Dan Sullivan, in his official capacity.

B.   **Defendant Jessica Cook**

Because state officials may be sued under § 1983 in their official capacities for prospective injunctive relief without violating the Eleventh Amendment, see Monroe v. Arkansas State Univ., 495 F.3d 591, 594 (8th Cir. 2007), claims against Cook, whom Carter alleges is an associate warden with the South Dakota Department of Corrections, Doc. 1 at 3, in her official capacity for injunctive relief only survived screening. Doc. 11 at 15-16; Doc. 26 at 19-20. But Cook is no longer employed with the Department of Corrections. Doc. 19 at 2; Doc. 20 at 3. Because Cook is no longer employed with the Department of Corrections, Carter's claims

---

[1] While his motion to amend the complaint was pending, Carter sent to the Clerk of Court completed summonses and USM-285 forms for Summit Food Services and Aramark Correctional Services, see Doc. 17, but the Clerk of Court did not issue the summonses because this Court had not ruled on Carter's motion to amend the complaint.

against her for prospective injunctive relief no longer state a claim upon which relief can be granted. This Court granted Carter's motion to proceed in forma pauperis. Docket 6. When a plaintiff is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the [complaint] . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(2). Carter's claims against Cook in her official capacity for prospective injunctive relief are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(2).

Because the claims against Cook have been dismissed, the defendants who have been served shall answer or otherwise respond to the complaint, amended complaint, and supplements within twenty-one (21) days of the date of this Opinion and Order.

### C. Rule 4(m) Notice

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Carter's amended complaint was filed on January 18, 2023, Doc. 27, but the newly added defendants Summit Food Services and Aramark Correctional Services have not been served because Carter has not complied with this Court's Order, Doc. 26 at 20 to complete and send to the Clerk of Court a separate summons and USM-285 form for Summit Food Service and Aramark Correctional Services. In accordance with Rule 4(m), this Court hereby notifies Carter that if he does not submit a separate summons and USM-285 form for defendants Summit Food Services and Aramark Correctional Services by **July 14, 2023**, or establish good cause for his failure to serve these defendants, the claims against these defendants in the amended complaint will be dismissed without prejudice.

### D. Carter's Motion for Summary Judgment

Carter objected to defendants' motion for extension of time to answer.[2] Doc. 24. In his objection, Carter requested that "a Summary Judgement [sic] be issued in this matter as soon as the 21 days have lapsed; in [his] favor." Id. at 1. However, Carter's motion for summary judgment does not contain any argument or authority demonstrating that he is entitled to judgment as a matter of law. Further, Carter did not, as required by D.S.D. Civ. LR 56.1.A, support his motion for summary judgment with a statement of material facts presenting each material fact "in a separate numbered statement with an appropriate citation to the record in the case." Carter's motion for summary judgment does not show that there is no genuine dispute as to any material fact. Carter's motion for summary judgment, Doc. 24, is denied without prejudice.[3]

## II. CONCLUSION

For the reasons stated above, it is hereby ORDERED:

1. That Teresa Bittinger, in her official capacity, is substituted for Dan Sullivan, in his official capacity.

2. That Carter's claims against Cook in her official capacity for injunctive relief only are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(2).

---

[2] Carter filed his objection after this Court granted the motion.
[3] In his objection, Doc. 24, Carter also seeks a restraining order prohibiting defendants from retaliating against him and from further infringing on his freedom of religion. This requested relief is duplicative of the relief Carter seeks in his motion for a restraining order, Doc. 28. This Court will consider Carter's request for a restraining order set forth in his objection to defendants' motion for an extension of time to answer when it rules on Carter's motion for restraining order, Doc. 28.

3. That defendants Wasko, Bittinger, Yost, Mousel, and Mertens-Jones shall answer or otherwise respond to the complaint, amended complaint, and supplements within twenty-one (21) days of the date of this Opinion and Order.

4. That the Clerk of Court shall send to Carter two blank summons forms and two blank USM-285 forms so that he may complete the forms to cause the amended complaint to be served upon defendants Summit Food Services and Aramark Correctional Services.

5. That Carter shall complete and return to the Clerk of Court a separate summons and USM-285 form for defendants Summit Food Services and Aramark Correctional Services. Failure to do so by **July 14, 2023**, will result in the dismissal without prejudice of the claims against these defendants. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summonses.

6. That the United States Marshals Service shall serve the completed summonses, together with a copy of the initial complaint, Doc. 1, the supplement attached to the initial complaint containing additional allegations, Doc. 1-1, the amended complaint, Doc. 27, the supplement to the amended complaint, Doc. 18, and this Court's January 18, 2023, Order, Doc. 26, upon defendants Summit Food Services and Aramark Correctional Services.

7. Defendants Summit Food Services and Aramark Correctional Services will serve and file an answer or responsive pleading to the amended complaint and supplements on or before 21 days following the date of service or 60 days if the defendant falls under Federal Rule of Civil Procedure 12(a)(2) or (3).

8. That Carter's motion for summary judgment, Doc. 24, is denied without prejudice.

DATED this 12th day of June, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE