UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW CARTER,<br><br>Plaintiff,<br><br>vs.<br><br>KELLIE WASKO, SECRETARY OF CORRECTIONS, OFFICIAL CAPACITY; TERESA BITTINGER, WARDEN, OFFICIAL CAPACITY; SAMUEL YOST, UNIT COORDINATOR, OFFICIAL CAPACITY; CRAIG MOUSEL, MAIL ROOM CLERK, OFFICIAL CAPACITY; TAMMY MERTENS-JONES, CULTURAL SPIRITUAL ACTIVITIES COORDINATOR, OFFICIAL CAPACITY; ARAMARK CORRECTIONAL SERVICES, LLC, IN ITS INDIVIDUAL AND OFFICIAL CAPACITIES; AND MARLIN'S INC., d/b/a CBM MANAGEMENT d/b/a SUMMIT FOOD SERVICES, IN ITS INDIVIDUAL AND OFFICIAL CAPACITIES;<br><br>Defendants. | 4:22-CV-04103-RAL<br><br><br>OPINION AND ORDER ON PLAINTIFF'S MOTION TO SEAL, MOTION FOR A DIFFERENT TRIAL JUDGE, MOTIONS SEEKING A TRIAL DATE, MOTION WITHDRAWING SETTLEMENT OFFERS, MOTION TO PRESERVE RIGHTS, AND A MOTION FOR A JUDGMENT PURSUANT TO RULE 55(d) |

Plaintiff Matthew Carter, an inmate at the South Dakota State Penitentiary ("SDSP"), filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court screened Carter's complaint under 28 U.S.C. § 1915A, dismissing the complaint in part and directing service upon defendants in part. Doc. 11. After his complaint was screened but before defendants had been served, Carter filed a motion to amend his complaint to add new defendants and to bring additional claims against the existing defendants. Doc. 13. This Court granted Carter's motion to amend and screened his additional claims under 28 U.S.C. § 1915A. Doc. 26.

Carter professes to be a Satanist, and his claims arise out of alleged infringement of his ability to practice his religion while in state custody. See generally Docs. 1, 27. Carter has filed various motions including a motion to seal, a motion for a different trial judge, motions seeking a trial date, a motion preserving rights, a motion withdrawing settlement offers, and a motion for judgment pursuant to Rule 55(d). See Docs. 50, 51, 52, 53, 54, 57, 58, 59, 68. This Court now addresses these motions.

I. **Motion to Seal (Doc. 50)**

Carter moves to seal all claims of retaliation and to "stick ONLY 100% to the 'root' of [his] Civil Complaint." Doc. 50. Carter professes to be a Satanist and contends that the "root" of his complaint is the alleged infringement of his ability to practice his religion while in state custody. Id. See generally Docs. 1, 27. Carter's First Amendment retaliation claim against Wasko, Sullivan,[1] Cook, Yost, Mousel, and Mertens-Jones in their official capacities for injunctive relief survived § 1915A screening. Doc. 11 at 16. Carter filed motions for restraining orders addressing his fears of retaliation, which this Court construed as seeking preliminary injunctive relief and denied because the requisite showing had not been made. See Docs. 28, 40.

The public has a "general right to inspect and copy public records and documents, including judicial records and documents." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)). The public right, however, is not absolute. Id. (quoting Nixon, 435 U.S. at 598). The United States Court of Appeals for the Eighth Circuit has held that " 'only the most compelling reasons can justify non-disclosure of judicial records.' " Id. (quoting In re Gitto Glob. Corp., 422 F.3d 1, 6 (1st Cir. 2005)). Carter's desire to focus on the

---

[1] Because Sullivan is no longer the Warden of the SDSP, the current Warden, Teresa Bittinger, in her official capacity, was automatically substituted for Sullivan, in his official capacity. Doc. 34 at 3.

"root" of his claims is not a compelling reason to seal previous filings regarding Carter's claims of retaliation. If Carter no longer intends to pursue any claims for retaliation, he should file a motion to voluntarily dismiss these claims in accordance with Federal Rule of Civil Procedure 41(a). Carter's motion to seal, Doc. 50, is denied.

## II.     Motion for a Different Trial Judge (Doc. 51)

Carter has filed a motion requesting that the undersigned recuse himself and that the case be assigned to a different judge. Doc. 51. According to Carter's motion, he "will NOT get justice or a fair trial" before the undersigned. Id. A judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party[.]"  28 U.S.C. § 455(b)(1).[2] To determine whether a judge must disqualify himself, an objective standard is applied and asks whether the attendant circumstances raise doubt in the mind of an average person about the judge's impartiality. Johnson v. Steele, 999 F.3d 584, 587 (8th Cir. 2021). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Id. (internal quotation omitted).

Carter's motion alleges that this Court left out "valuable screenings[]" when screening Carter's complaint under 28 U.S.C. § 1915A and does not understand that Carter is a "ProSe litigant." Doc. 51. Although some of Carter's claims did not survive screening, it is well established that an adverse ruling, in and of itself, is an insufficient basis for recusal. As the Supreme Court of the United States has explained:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial

---

[2] Carter has not filed a sufficient affidavit in accordance with 28 U.S.C. § 144 setting forth any facts to support his belief that bias or prejudice exists.

3

>  source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted). See also Dossett v. First State Bank, 399 F.3d 940, 953 (8th Cir. 2005) (stating that adverse judicial rulings almost never constitute a valid basis for recusal). When this Court denied Carter's renewed motion for temporary restraining order, this Court stated that "[a]lthough Carter is proceeding pro se, his pro se status does not excuse him from complying with the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 11." Doc. 47 at 15 (citations omitted). This Court also cautioned Carter that if he submits pleadings or letters seeking affirmative relief that contain factual allegations that have no evidentiary support and are contradicted by the record evidence, this Court will consider a motion for sanctions filed by defendants. Id. at 16. Contrary to Carter's assertion, this warning does not stem from any lack of understanding of Carter's pro se status. But no litigant, including a pro se litigant, is permitted to repeatedly file with impunity documents containing disingenuous allegations clearly contradicted by the record evidence. Indeed, understanding that Carter is a pro se litigant, this Court chose to warn Carter rather than awarding sanctions. Carter's motion contains only conclusory allegations and is devoid of any facts that demonstrate "deep-seated favoritism or antagonism that would make fair judgment impossible." See Liteky, 510 U.S. at 555. Thus, Carter's motion for a different trial judge, Doc. 51, is denied.

### III. Motions Seeking a Trial Date (Docs. 52, 53, 54, 58)

Carter has filed two motions requesting that the Court schedule this case for a jury trial, Docs. 53, 58, a motion seeking to be present for and to participate in all parts of the trial, Doc. 52, and a motion requesting an order directing his transport to the federal courthouse in Sioux Falls for trial, Doc. 54. This Court will now issue a Rule 16 Scheduling Order setting a discovery

deadline and a deadline for dispositive motions. Typically, no trial in a civil case gets set before issuance of a Rule 16 Scheduling Order. Thus, Carter's motions seeking a trial date, Docs. 52, 53, 54, 58, are denied, but this Court construes these motions as a motion for a Rule 16 Scheduling Order, which is granted. If necessary, setting a trial date will occur after considering any dispositive motions filed on or before the motion deadline.

### IV. Motion Preserving Rights (Doc. 57)

Carter has filed a motion preserving his rights under Howard v. United States, 864 F. Supp. 1019 (D. Colo. 1994). Because Carter is proceeding pro se, this Court must liberally construe his pleadings, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but his pro so status does not excuse him from complying with the Federal Rules of Civil Procedure. Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002). The Federal Rules of Civil Procedure do not provide for "motions to preserve rights." Going forward, if Carter wishes to request the grant of affirmative relief, the request should be set forth in a motion provided for or permitted by the Federal Rules of Civil Procedure or the District of South Dakota's Civil Local Rules of Practice and supported by a brief as required by D.S.D. Civ. LR 7.1(B) containing his legal arguments, supporting authorities, and the Federal Rule of Civil Procedure on which he relies.

Carter asserts that Howard has "settled" the issue of whether a prison facility may limit or restrict an inmate from exercising the religion of Satanism while in state custody. Doc. 57 at 1. In Howard, the Colorado district court entered an injunction based on "specific, somewhat-unique facts of th[e] case[.]" 864 F. Supp. at 1021. The court also acknowledged that at least two circuit courts of appeal had upheld the denial of the right to conduct Satanic rituals and to possess Satanic books and materials. Id. at 1026 (citing McCorkle v. Johnson, 881 F.2d 993, 996 (11th Cir. 1989); Childs v. Duckworth, 705 F.2d 915, 921 (7th Cir. 1983)). Further, in Howard, the court found that

some of the security concerns expressed by prison officials were pretextual because inmates practicing other religions were permitted to use the same or similar items the plaintiff was not permitted to use. 864 F. Supp. at 1026–27.

Although prisoners retain their constitutional rights, limitations may be placed on the exercise of those rights, including on the First Amendment right to free exercise of religion. Jones v. N.C. Prisoners' Lab. Union, Inc., 433 U.S. 119, 125 (1997) ("The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment[.]"); Kaden v. Slykhuis, 651 F.3d 966, 969 (8th Cir. 2011) (per curiam) ("While prisoners retain their constitutional rights, limitations may be placed on the exercise of those rights because of the needs of the penal system." (citation omitted)). A prison regulation or action is valid even if it restricts a prisoner's constitutional rights if it "reasonably related to legitimate penological interests." Murphy v. Mo. Dep't of Corrs., 372 F.3d 979, 982 (8th Cir. 2004) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). In Turner, the Supreme Court outlined four factors to consider when determining whether a prison regulation or action is reasonably related to a legitimate penological interest. Id. (citing Turner, 482 U.S. at 89–91). Carter seeks to have this Court hold that any restriction on his right to exercise his religion is, as a matter of law, unconstitutional, without any consideration of the penological interests underlying the prison's actions and regulations. In other words, Carter urges this Court to ignore well-established precedent from the Supreme Court and the Eighth Circuit. Howard thus does not "settle" the issue as Carter contends, and Carter is not entitled to immediate injunctive relief under Howard.[3] Carter's motion preserving rights, Doc. 57, is denied at this time.

---

[3] Carter has filed two previous requests for preliminary injunctive relief, which this Court has denied. See Docs. 40, 47. The standards governing a request for preliminary injunctive relief are not repeated here.

## V. Motion Withdrawing Settlement Offers (Doc. 59)

Carter filed an "Out of Courtroom Settlement Offer." Doc. 45. This Court did not order Carter to make or to file a settlement offer, and documents regarding settlement offers and negotiations are typically not filed. Carter has now filed a motion withdrawing all settlement offers to defendants. Doc. 59. It is not necessary for Carter to seek court approval to withdraw any settlement offers he had made. Accordingly, Carter's motion withdrawing settlement offers, Doc. 59, is denied as moot. If the parties choose to engage in settlement discussions or negotiations, they may do so, but it is not necessary to file any documents regarding settlement communications unless the parties agree to a settlement.

## VI. Motion for Judgment Pursuant to Rule 55(d) (Doc. 68)

Carter requests that the Court enter judgment in his favor pursuant to Federal Rule of Civil Procedure 55(d). Doc. 68. In support of his motion, Carter has submitted an affidavit from Matthew Tornquist, another inmate at the SDSP, averring to the "atrocities done to Matthew Carter" Tornquist has witnessed. Doc. 69. Defendants oppose Carter's motion. Doc. 70.

In his motion, Carter asserts that he is entitled to a judgment in his favor because his claims are meritorious, and defendants should be held accountable for the damages they have caused him. See Doc. 68. But a party is not entitled to seek relief under Rule 55 unless the opposing party "has failed to plead or otherwise defend[.]" On June 26, 2023, Defendants Kellie Wasko, Teresa Bittinger, Samuel Yost, Craig Mousel, and Tammy Mertens-Jones timely answered Carter's complaint, amended complaint, and supplements.[4] See Docs. 23, 34, 36. Because there is no

---

[4] By order dated June 12, 2023, the Court dismissed Carter's claims against Cook without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(2). Doc. 34 at 3–4. Carter's claims against Cook in her official capacity for injunctive relief only survived screening. Doc. 11 at 15–16; Doc. 26 at 19–20. But when the USMS attempted to serve Cook, the Court became aware that Cook is no longer employed with the Department of Corrections, Doc. 19 at 2; Doc. 20 at 3.

defendant that has been served that "has failed to plead or otherwise defend[,]" Carter's motion for judgment pursuant to Federal Rule of Civil Procedure 55, Doc. 68, is denied.

To the extent Carter's motion could be construed as a motion for summary judgment, it is denied for the same reasons that his previous motion for summary judgment was denied. See Doc. 34 at 5. Carter's motion does not contain any argument or authority demonstrating that he is entitled to judgment as a matter of law. Further, because Carter did not, as required by D.S.D. Civ. LR 56.1.A, support his motion with a statement of material fact presenting each material fact "in a separate numbered statement with an appropriate citation to the record[,]" Carter has not demonstrated there is no genuine issue of material fact.

## VII.   Conclusion

For the reasons stated above, it is hereby ORDERED:

1. That Plaintiff's motion to seal, Doc. 50, is denied.

2. That Plaintiff's motion for a different trial judge, Doc. 51, is denied.

3. That Plaintiff's motions seeking a trial date, Docs. 52, 53, 54, 58, are denied, but this Court will issue a Rule 16 Scheduling Order.

4. That Plaintiff's motion preserving rights, Doc. 57, is denied.

5. That Plaintiff's motion withdrawing settlement offers, Doc. 59, is denied as moot.

6. That Plaintiff's motion for judgment pursuant to Rule 55(d), Doc. 68, is denied.

DATED this 29th day of January, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

---

Thus, the Court dismissed Carter's claims against Cook for prospective injunctive relief for failure to state a claim upon which relief can be granted. Doc. 34 at 3–4.