UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW CARTER,<br><br>Plaintiff,<br><br>vs.<br><br>KELLIE WASKO, SECRETARY OF CORRECTIONS, OFFICIAL CAPACITY; TERESA BITTINGER, WARDEN, OFFICIAL CAPACITY; SAMUEL YOST, UNIT COORDINATOR, OFFICIAL CAPACITY; CRAIG MOUSEL, MAIL ROOM CLERK, OFFICIAL CAPACITY; TAMMY MERTENS-JONES, CULTURAL SPIRITUAL ACTIVITIES COORDINATOR, OFFICIAL CAPACITY; ARAMARK CORRECTIONAL SERVICES, LLC, IN ITS INDIVIDUAL AND OFFICIAL CAPACITIES; AND MARLIN'S INC., d/b/a CBM MANAGEMENT d/b/a SUMMIT FOOD SERVICES, IN ITS INDIVIDUAL AND OFFICIAL CAPACITIES;<br><br>Defendants. | 4:22-CV-04103-RAL<br><br><br>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION TO REASSIGN CASE TO NEW JUDGE |

Plaintiff Matthew Carter, an inmate at the South Dakota State Penitentiary ("SDSP"), filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court screened Carter's complaint under 28 U.S.C. § 1915A, dismissing the complaint in part and directing service upon defendants in part. Doc. 11. After his complaint was screened but before defendants had been served, Carter filed a motion to amend his complaint to add new defendants and to bring additional claims against the existing defendants. Doc. 13. This Court granted Carter's motion to amend and screened his additional claims under 28 U.S.C. § 1915A. Doc. 26.

Carter professes to be a Satanist, and his claims arise out of alleged infringement of his ability to practice his religion while in state custody. See generally Docs. 1, 27. In an Opinion and Order dated January 29, 2024, this Court addressed various motions Carter had filed. Doc. 78. Carter now moves for reconsideration of every order this Court has entered in the case and seeks reassignment of the case to another judge. Doc. 80. Because Carter's motion is based only on bare allegations of prejudice and bias unsupported by any facts, Carter's motion for reconsideration and motion for reassignment of the case to another judge, Doc. 80, is denied.

I.  **Motion to Reassign the Case to a Different Trial Judge (Doc. 51)**

Carter has filed a previous motion requesting that the undersigned judge recuse himself and that the case be assigned to a different judge. Doc. 51. This Court denied Carter's motion. Doc. 78 at 3–4. As this Court explained in its previous Opinion and Order, a judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party[.]" 28 U.S.C. § 455(b)(1). To determine whether a judge must disqualify himself, an objective standard is applied and asks whether the attendant circumstances raise doubt in the mind of an average person about the judge's impartiality. Johnson v. Steele, 999 F.3d 584, 587 (8th Cir. 2021). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Id. (internal quotation omitted). When this Court denied Carter's initial motion to reassign the case to different trial judge, the Court noted that Carter had not filed a sufficient affidavit in accordance with 28 U.S.C. § 144 setting forth any facts to support his allegation of bias or prejudice. Doc. 78 at 3 n.2. Although Carter's second motion alleges that this case should be reassigned to another judge pursuant to 28 U.S.C. § 144, Carter has not filed an affidavit setting forth any facts to support his allegations of bias or prejudice.

2

Although Carter's motion does not expressly so state, this Court construes Carter's motion to contend that this Court's previous rulings against him are a basis for recusal. But Carter cites no legal authority to support such a contention. See Doc. 80. Further, it is well established that an adverse ruling, in and of itself, is an insufficient basis for recusal. As the Supreme Court of the United States has explained:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted). See also Dossett v. First State Bank, 399 F.3d 940, 953 (8th Cir. 2005) (stating that adverse judicial rulings almost never constitute a valid basis for recusal).

In his second motion to reassign the case to a new judge, Carter asserts that he has "filed a Judicial Misconduct complaint with the 8th Circuit Court of Appeals for this Judge's '******behavior' and misconducts while in office." Doc. 80 at 1 (expletive in original omitted). Courts routinely hold that similar allegations do not mandate recusal. The Eighth Circuit had held that a litigant's writings criticizing or personally attacking a judge do not necessarily require recusal. See, e.g., Akins v. Knight, 863 F.3d 1084, 1087 (8th Cir. 2017). Mandating recusal "any time a litigant has been critical of a judge would create perverse incentives and enable judge shopping." Id. See also Rodgers v. Knight, 781 F.3d 932, 943 (8th Cir. 2015) (holding that the fact that a party's counsel previously filed a judicial complaint against the judge in previous, unrelated litigation is "insufficient to establish that the judge's impartiality in this matter might be reasonably questioned."); Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam) (recognizing that recusal under 28 U.S.C. § 144 or § 455(a) is not warranted because the movant has sued or

3

threatened to sue the judge). Carter's second motion to reassign the case to a new judge, like his first motion, contains only conclusory allegations and is devoid of any facts that demonstrate "deep-seated favoritism or antagonism that would make fair judgment impossible." See Liteky, 510 U.S. at 555. Thus, Carter's motion to reassign the case to a new judge, Doc. 80, is denied.

## II.  Motion for Reconsideration

Carter "ask[s] tis Court for a reconsideration of (ALL) Motions placed by myself in the (above referenced) case #." Doc. 80 at 1. But Carter cites no rule or case law that is a basis for reconsideration of any of this Court's previous orders. Further, Carter has not submitted a "brief containing . . . [his] legal arguments, the authorities in support thereof, and the Federal Rule of Civil Procedure on which . . . [he] relies." D.S.D. Civ. LR 7.1.B. Carter's motion for reconsideration, Doc. 80, is denied.

For the reasons stated above, it is hereby ORDERED that Plaintiff's motion for reconsideration and to reassign the case to a new judge, Doc. 80, is denied.

DATED this 22nd day of February, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE