UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW CARTER,<br><br>Plaintiff,<br><br>vs.<br><br>KELLIE WASKO, SECRETARY OF CORRECTIONS, OFFICIAL CAPACITY; TERESA BITTINGER, WARDEN, OFFICIAL CAPACITY; SAMUEL YOST, UNIT COORDINATOR, OFFICIAL CAPACITY; CRAIG MOUSEL, MAIL ROOM CLERK, OFFICIAL CAPACITY; TAMMY MERTENS-JONES, CULTURAL SPIRITUAL ACTIVITIES COORDINATOR, OFFICIAL CAPACITY; ARAMARK CORRECTIONAL SERVICES, LLC, IN ITS INDIVIDUAL AND OFFICIAL CAPACITIES; AND MARLIN'S INC., d/b/a CBM MANAGEMENT d/b/a SUMMIT FOOD SERVICES, IN ITS INDIVIDUAL AND OFFICIAL CAPACITIES;<br><br>Defendants. | 4:22-CV-04103-RAL<br><br><br>OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS AND RULING ON PLAINTIFF'S PENDING MOTIONS |

Plaintiff Matthew Carter, an inmate at the South Dakota State Penitentiary ("SDSP"), filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court screened Carter's complaint under 28 U.S.C. § 1915A, dismissing the complaint in part and directing service upon defendants in part. Doc. 11. After his complaint was screened but before defendants had been served, Carter filed a motion to amend his complaint to add new defendants and to bring additional claims against the existing defendants. Doc. 13. This Court granted Carter's motion to amend and screened his additional claims under 28 U.S.C. § 1915A. Doc. 26. Carter has filed various motions including motions to preserve rights, a motion to amend, a motion for declaratory judgment and summary

judgment for illegal release of medical records, a motion for appearance and transport, and motions requesting that this Court reconsider the dismissal following 1915A screening of certain claims and defendants. See Docs. 60, 61, 64, 66, 67, 72, 75, 76, 89, 92, 93. Defendants move for sanctions. Doc. 62. This Court now addresses these motions.

I.      **Motions to Preserve Rights (Docs. 60, 61)**

Carter has filed two "motions to preserve rights" under federal criminal statutes as well as South Dakota statutes. Docs. 60, 61. This Court has previously informed Carter that the Federal Rules of Civil Procedure do not provide for "motions to preserve rights." Doc. 78 at 5. The Court instructed Carter that if he wishes to request the grant of affirmative relief, his request should be set forth in a motion provided for or permitted by the Federal Rules of Civil Procedure or the District of South Dakota's Civil Local Rules of Practice and supported by a brief as required by D.S.D. Civ. LR 7.1(B) containing his legal arguments, supporting authorities, and the Federal Rule of Civil Procedure on which he relies. Id. Carter's motions to preserve rights, Docs. 60 and 61, do not comply with this Court's order, but these motions were filed before this Court issued its order advising that the Federal Rules of Civil Procedure do not provide for "motions to preserve rights." See Doc. 60 (filed on Oct. 13, 2023); Doc. 61 (filed on Oct. 18, 2023); Doc. 78 (filed on Jan. 29, 2024).

Carter moves to preserve rights under federal criminal civil rights statutes. See Doc. 60 at 1–2 (citing 18 U.S.C. §§ 241, 242, 245, 247, 249). Carter does not have standing to enforce federal criminal statutes in this civil action. Leeke v. Timmerman, 454 U.S. 83, 85–86 (1981) (per curiam) (stating that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another). An alleged violation of a federal criminal statute does not create a private cause of action that can be enforced in a § 1983 action. Frison v. Zebro, 339 F.3d 994, 999 (8th

2

Cir. 2003); see also Franklin v. Vander Sanden, 2018 WL 11235968, at *6–7 (N.D. Iowa Apr. 16, 2018) (holding that an alleged violation of 18 U.S.C. §§ 241, 242 does not create a private cause of action that can be enforced in a § 1983 action); Roberson v. Pearson, 2012 WL 4128303, at *1 (D. Minn. Aug. 27, 2012) (stating that 18 U.S.C. § 245 is a federal criminal statute "that cannot provide the basis for any private cause of action"); Wolf v. Jefferson Cnty., 2016 WL 233247, at *2 (E.D. Mo. Jan. 20, 2016) (stating that 18 U.S.C. § 249 does not confer on the plaintiff a private right of action). Because Carter does not identify any legal basis for inferring a private cause of action under any of the federal criminal civil rights statutes he alleges defendants have violated, his motion to preserve rights under the federal criminal civil rights statutes, Doc. 60, is denied. See Frison, 339 F.3d at 999 (holding that the plaintiff has the burden of establishing that federal criminal statutes confer a federal right that can be enforced in a § 1983 action).

Carter also alleges that he is entitled to restitution under 18 U.S.C. § 3663A(2). Doc. 61 at 1. This Court disagrees. The plain language of 18 U.S.C. § 3663A makes clear that the statute applies only in criminal cases. "Notwithstanding any other provision of law, when *sentencing a defendant convicted of an offense* described in subsection (c), the court shall order . . . that the defendant make restitution to the victim of the offense[.]" 18 U.S.C. § 3663A(a)(1) (emphasis added). This is a civil case. None of the defendants are charged with any federal offense in connection with this case, none of the defendants have been convicted of any federal offense in connection with this case, and even if there is a finding of civil liability against any of the defendants, this Court will not be sentencing any defendants. Thus, because 18 U.S.C. § 3663A has no application in this civil case, Carter's "motion to preserve rights" under this statute, Doc. 61, is denied.

Relying on SDCL § 24-7-1, Carter alleges that the SDSP is an organization or corporation that can be sued in its individual capacity. Doc. 60 at 2–3. SDCL § 24-7-1 provides that "[t]he South Dakota State Prison Industries constitutes the operating organization for all of the industries now established at the state penitentiary, including the license plate plant, furniture shop, bookbindery, and sign shop." Carter's allegations in this case have nothing to do with any industry operated at the state penitentiary, and neither Carter's complaint nor his amended complaint include any allegations directed at the South Dakota State Prison Industries. See generally Docs. 1, 27. Rather, he alleges that the conditions of his confinement at the "South Dakota – Dept. of Corrections State Pennitentiary [sic]" infringe his ability to practice his religion, and his complaint claimed that the Department of Corrections, as well the individual defendants, are liable for the alleged constitutional violations. Doc. 1. As this Court explained in its 1915A Screening, the South Dakota Department of Corrections was created by the state legislature and is an arm of the State of South Dakota not subject to suit under § 1983. Doc. 11 at 6 (citing SDCL § 1-15-1.2). Although Carter's complaint and amended complaint did not identify the SDSP as a separate defendant, the SDSP is also created by the state legislature and is not subject to suit under § 1983. See SDCL §§ 24-1-1; 24-1-4. Carter's motion to preserve his right to sue the SDSP, Doc. 60 at 3, is denied.

Finally, Carter alleges that Defendants have violated SDCL §§ 1-1A-1, 1-1A-2, and 1-1A-3 and that he is entitled to sue for damages under SDCL § 1-1A-4. Doc. 61. Violations of state law do not give rise to a cause of action under § 1983. Doe v. Gooden, 214 F.3d 952, 955 (8th Cir. 2000). "Section 1983 guards and vindicates federal rights alone." Ebmeier v. Stump, 70 F.3d 1012, 1013 (8th Cir. 1995). Further, the plain language of SDCL § 1-1A-4 authorizes suit only in state circuit court, not federal court, for redress under that statute. SDCL § 1-1A-4 provides that

"[a]ny person aggrieved by a violation of this section may file an action for damages . . . in circuit court[.]" This action is not pending in circuit court, and SDCL § 1-1A-4 does not extend a cause of action for damages in federal court. Carter's motion to preserve rights under SDCL Chapter 1-1A, Doc. 61, is denied.

**II.     Defendants' Motion for Sanctions (Doc. 62)**

Defendants request this Court, in accordance with Federal Rule of Civil Procedure 11(c)(4), order Carter to show cause why his amended complaint, Doc. 27, should not be dismissed and to pay sanctions for his frivolous and abusive motion practice and pleadings. Doc. 62. Carter opposes defendants' motion for sanctions. Docs. 63, 65. When the Court denied Carter's renewed motion for temporary restraining order, the Court cautioned Carter that if he "files further pleadings or motions or submits letters to the Court seeking affirmative relief that contain factual assertions that have no evidentiary support and are contradicted by the record evidence, the Court will consider a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 filed by Defendants[.]" Doc. 47 at 16. Some of Carter's filings referenced in defendants' motion for sanctions certainly contain impertinent, inflammatory, and inappropriate statements, but this Court need not consider whether Carter has in fact submitted a pleading or motion that contains factual allegations clearly contradicted by the record evidence because defendants did not comply with Rule 11(c)(2) before filing the motion. Defendants did not comply with the 21-day safe harbor provision and provide Carter an opportunity to withdraw the challenged pleadings. In this case, it seems unlikely that Carter would have responded favorably if defendants had served their Rule 11 motion 21 days before filing, but the procedural requirements of Rule 11 are mandatory. Further, the Eighth Circuit has held that it is an abuse of discretion if a district court awards sanctions in contravention of the explicit procedural requirements of Rule 11. Gordon v. Unifund CCR

Partners, 345 F.3d 1028, 1030 (8th Cir. 2003). Defendants' motion for sanctions, Doc. 62, and Carter's motion to dismiss, Doc. 63, which is more properly construed as an opposition brief, are denied.

### III. Motion to Re-Screen the Complaint and Amended Complaint (Doc. 64)

Carter requests that the Court "better screen [his] complaints according to the U.S. Constitution's Laws & Priveleges [sic] . . . [and] to allow 'damages' done to [him], to be readdressed." Doc. 64. Carter's motion does not identify any specific portion of this Court's screening orders that are not consistent with the Constitution and the case law interpreting any relevant Constitutional provisions. See id. Similarly, he provides no analysis, argument, or authority to support his request. See D.S.D. Civ. LR 7.1.B (requiring that every motion be supported by a "brief containing the movant's legal arguments, the authorities in support thereof, and the Federal Rule of Civil Procedure on which the movant relies"). Thus, Carter's motion to re-screen the complaint and the amended complaint, Doc. 64, is denied.

### IV. Motion "Unterminating" the SDSP (Doc. 66)

Carter has filed a "Motion 'UNTERMINATING' The South Dakota State Penitentiary To Be Sued As An 'Individual' Organization/Corporation." Doc. 66. In this motion, Carter argues that the South Dakota Department of Corrections and the SDSP should not have been dismissed on screening because SDCL § 24-7-1 provides that the South Dakota Department of Corrections is doing business as South Dakota Prison Industries. Doc. 66 at 1. Carter's reliance on SDCL § 24-7-1 is misplaced. See supra at 4. Carter's motion "unterminating" the SDSP, Doc. 66, is denied for the same reasons that his motion to preserve rights under SDCL § 24-7-1 is denied.

6

V.  **Motion to Recover Damages from All Defendants (Doc. 67)**

Carter's requests that this Court order that all defendants, including the defendants who were dismissed on screening, be held liable for damages pursuant to 42 U.S.C. § 1985(3). Doc. 67. Carter cites no specific facts, arguments, or legal authorities in support of his motion. This Court declines to reconsider its previous screening orders, Docs. 11, 26, on the basis of Carter's bare, conclusory assertion that all "defendants have acted maliciously to injure and deprive [him] of [his] Religious Freedoms." Doc. 67.

In his complaint and amended complaint, Carter does not allege a violation of 42 U.S.C.§ 1985(3). Docs. 1, 27. Further, the factual allegations in Carter's complaint and amended complaint are insufficient as a matter of law to state a claim under 42 U.S.C. § 1985(3). To state a valid conspiracy claim under § 1985(3), the plaintiff must allege:

> (1) the existence of a civil conspiracy; (2) that the purpose of the conspiracy was to deprive [him] either directly or indirectly of [his] civil rights; (3) that a conspirator did an act in furtherance of the object of the conspiracy; and (4) damages, shown by demonstrating either injury to person or property or the deprivation of a civil right.

Mettler v. Whitledge, 165 F.3d 1197, 1206 (8th Cir. 1999). "In order to state a claim for conspiracy under § 1985, a plaintiff 'must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement.'" Kelly v. City of Omaha, 813 F.3d 1070, 1077–78 (8th Cir. 2016) (quoting City of Omaha Emps. Betterment Ass'n v. City of Omaha, 883 F.2d 650, 652 (8th Cir. 1989)). Carter has not alleged sufficient facts to demonstrate that defendants reached an agreement or formed a civil conspiracy with the purpose of depriving him of his religious freedoms. See McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993) (affirming dismissal of § 1985(3) conspiracy claim because plaintiff alleged no meeting of the minds of the alleged conspirators). Further, for § 1985(3) to apply, "there must be some racial, or perhaps

7

otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Because Carter does not allege a racial or class-based discriminatory animus, he fails to state a claim for relief under 42 U.S.C. § 1985(3). For these reasons, Carter's motion to recover damages from all defendants, Doc. 67, is denied.

### VI. Motions Related to SDCL § 20-9-1 (Docs. 72, 75, 76)

Carter has filed a motion to re-screen and to preserve rights under SDCL § 20-9-1. Doc. 72; see also Doc. 76. He also moves for a declaratory judgment based on SDCL § 20-9-1. Doc. 75. Although each of these motions could be denied on procedural grounds, the Court declines to do so because the motions were filed before the Court cautioned Carter that the Federal Rules of Civil Procedure do not provide for "motions to preserve rights" and reminded him that he must comply with D.S.D. Civ. LR 7.1(B) when he filed a motion requesting affirmative relief. See Doc. 78 at 5.

SDCL § 20-9-1 provides that "[e]very person is responsible for injury to the person, property, or rights of another caused by his willful acts or caused by his want of ordinary care or skill, subject in the latter cases to the defense of contributory negligence." The Supreme Court of South Dakota has stated that SDCL § 20-9-1 "simply recognizes the right of injured persons to recover from wrongdoers who fail to exercise ordinary care. It does not define the circumstances under which the law imposes a duty on an alleged tort-feasor[.]" Millea v. Erickson, 849 N.W.2d 272, 276 (S.D. 2014) (brackets in original) (quoting Poelstra v. Basin Elec. Power Coop., 545 N.W.2d 823, 826 (S.D. 1996)). Carter's complaint and amended complaint do not allege state-law negligence claims against any defendant. Further, because most of the defendants are current or former employees of DOC or the SDSP, whether Carter may assert a state-law negligence claim against these defendants requires an analysis of various state-law immunity provisions. See, e.g.,

SDCL §§ 3-21-8; 3-21-9(5); 3-21-10; 3-22-17. Based on the cursory allegations in Carter's motions, Docs. 72, 75, and 76, such analysis is not possible. Carter's motions to preserve rights, Docs. 72, 76, and his motion for declaratory judgment, Doc. 75, are denied.

**VII.   Motion to Amend Complaint (Doc. 89)**

Carter filed a motion for leave to amend his complaint, which is dated February 28, 2024.[1] Doc. 89. Carter also submitted a proposed amended complaint. Doc. 89-1. In his proposed amended complaint, Carter requests injunctive relief and additional damages. Id. at 1. He also alleges that all defendants should be held liable for violating SDCL § 20-9-1; SDCL § 1-1A-4; 18 U.S.C.§§ 241, 242, and 249; 42 U.S.C. § 1985(3); and 42 U.S.C. §§ 1981, 1981a, 1986, and 1988. Id. at 2–4. Finally, he seeks leave to assert claims for libel and slander against the South Dakota Attorney General's Office for violating HIPAA. Id. at 4. Defendants did not respond to Carter's motion to amend.

Federal Rule of Civil Procedure 15(a)(1)(A) provides that a party may amend a pleading once as a matter of course twenty-one dates after serving it. Carter has previously amended his complaint as a matter of course. See Doc. 26 at 2. Thus, Carter must obtain Defendants' consent or leave of court for any further amendments. Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." But, a court may deny a party leave to amend when there are compelling reasons such as: " 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.' " Hammer v. City of Osage Beach, 318 F.3d 832, 844 (8th Cir.

---

[1] The Rule 16 Scheduling Order provides that the deadline for moving to amend the pleadings is March 1, 2024. Doc. 77 ¶ 2. Because Carter's motion is dated February 28, 2024, and appears to have been delivered to prison officials for mailing on the same day, Doc. 89, Doc. 96 at 1–2, it is timely. See Houston v. Lack, 487 U.S. 266, 276 (1988).

2003) (quoting Becker v. Univ. of Neb., 191 F.3d 904, 907–08 (8th Cir. 1999)). A "[d]enial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)." Moody v. Vozel, 771 F.3d 1093, 1095 (8th Cir. 2014) (internal quotation omitted).

To the extent Carter seeks to amend his complaint to seek injunctive relief against those defendants sued in their official capacities and to seek additional damages from those defendants sued in their individual capacities, it is in the interest of justice to permit him to do so, and there are no compelling reasons to deny leave. Because the Court is granting Carter leave only to allege additional forms of relief, none of the defendants are required to answer or otherwise respond to Carter's amended complaint.

To the extent Carter seeks leave to file an amended complaint alleging all defendants should be liable for violating SDCL § 20-9-1; SDCL § 1-1A-4; 18 U.S.C.§§ 241, 242, and 249; 42 U.S.C. § 1985(3); and 42 U.S.C. §§ 1981, 1981a, 1986, and 1988, his motion is denied. See supra at 8–9 (SDCL § 20-9-1), 4–5 (SDCL § 1-1A-4), 2–3 (18 U.S.C. §§ 241, 242, and 249), 7–8 (42 U.S.C.§ 1985(3)).

Title 42 U.S.C. § 1981 prohibits discrimination based on race or ethnicity in the making and enforcement of contracts. Runyon v. McCrary, 427 U.S. 160, 168 (1976). To assert a prima facie § 1981 claim, Carter must allege "(1) [he] was a member of a protected class; (2) discriminatory intent by the defendants; (3) [he] engaged in a protected activity; and (4) the defendants interfered with that activity—the making and enforcement of a[] . . . contract." Yang v. Robert Half Int'l, Inc., 79 F.4th 949, 962 (8th Cir. 2023). Carter does not allege discrimination based on race or ethnicity in the making or enforcement of a contract. See generally Docs. 1, 27. Thus, his proposed amended complaint asserting such a claim is futile.

Section 1981a does not create an independent cause of action, but simply provides for additional forms of relief in employment discrimination actions. Dunham v. City of O'Fallon, 945 F. Supp. 1256, 1259 n.3 (E.D. Mo. 1996). Carter has not alleged any defendants are liable for employment discrimination. Section 1981a is not applicable to his claims, and his proposed amendment to allege all defendants are liable for violating § 1981a is futile.

An actionable conspiracy under § 1985 is a prerequisite to a claim under § 1986 for neglect to prevent a civil rights conspiracy. Barstad v. Murray Cnty., 420 F.3d 880, 887 (8th Cir. 2005). Carter has not alleged an actionable conspiracy under § 1985, so his proposed amendment alleging a § 1986 claim is futile.

Section 1988 does not provide an independent basis of liability. Rather, this section permits the prevailing party in certain civil rights cases to recover reasonable attorney's fees and expert fees. 42 U.S.C. §§ 1988(b), (c). Carter's proposed amendment alleging all defendants should be liable for violating § 1988 is futile.

Finally, the South Dakota Attorney General's Office is not a party to this action. Rather, the Attorney General's Office has appeared on behalf of the State Defendants. Carter's proposed amended complaint seeking assert a claim against defendants' counsel for an alleged violation of HIPAA is futile. See infra at 11–13. For these reasons, Carter's motion to amend, Doc. 89, is granted in part and denied in part.

**VIII.   Motion for Declaratory Judgment and Summary Judgment for Illegal Release of Medical Records (Doc. 92)**

Carter alleges that "defendants and/or defendants lawyers and/or SD Attorney General's Office have released [his] personal medical records which have damaged [his] character and completely prejudiced [him] and this entire case." Doc. 92. Carter asserts that the allegedly

11

unauthorized release of his medical records violates the Freedom of Information Act[2] and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Id. Because of these alleged statutory violations, Carter contends that an "emergency declaratory judgment" be entered in his favor. Id. Defendants oppose Carter's motion. Doc. 97.

Carter has filed various motions which this Court has construed as motions for a preliminary injunction. Docs. 28, 38. In support of one of these motions, Carter filed a letter asserting that he had lost 50% of the vision in his right eye because the SDSP placed him in a part of the prison where they knew he would be violently assaulted. Doc. 35 at 1. In their opposition to Carter's motion, defendants disputed that Carter had suffered any visual loss and provided a four-page record of a provider sick call encounter. Doc. 41-11. Contrary to Carter's allegations, defendants' use of this medical record was not improper or unauthorized. Under South Dakota law as well as federal law, including HIPAA, Carter waived any privilege or confidentiality argument related to his medical records assessing his vision when he alleged that he had sustained a vision loss. SDCL § 19-19-503(d)(3) provides that the physician-patient privilege with respect to an issue of a patient's physical, mental, or emotional condition is waived in any proceeding which the condition is an element of the patient's claim or defense. See also SDCL § 19-2-3; Gard v. Dooley, 4:14-CV-04023-LLP, 2015 WL 9451044, at *11 n.8 (D.S.D. Dec. 23, 2015) (stating that it is "well established that if a plaintiff places his or her medical condition at issue, he or she waives the physician/patient privilege, making medical records discoverable"). To the extent the SDSP is a "covered entity" subject to HIPAA, HIPAA permits the SDSP to disclose protected

---

[2] In general, the Freedom of Information Act, 5 U.S.C. § 552, requires that agencies of the federal government, 5 U.S.C. § 551(1), publicly disclose specified information. Carter's motion contains no colorable argument that the Freedom of Information Act applies to the employees of the State of South Dakota who are named defendants.

health information for purposes of litigation as part of its health care operations. 45 C.F.R. § 164.502(a)(1)(ii); see also Warner v. Velardi, 2017 WL 3387723, at *3 (S.D. Cal. Aug. 7, 2017) (stating that "[p]laintiff has placed the medical condition of his right hand at issue, thereby waiving any privacy interest or HIPAA protection in those records").

Even assuming Carter had alleged a violation of HIPAA, HIPAA does not authorize a private cause of action. Adams v. Eureka Fire Prot. Dist., 352 F. App'x 137, 138 (8th Cir. 2009) (per curiam) (holding that HIPAA cannot be privately enforced via § 1983 or through an implied right of action). Carter's motion for declaratory judgment and summary judgment for alleged illegal release of medical records, Doc. 92, is denied.

### IX. Motion for Appearance and Transport Order (Doc. 93)

Carter moves for an order directing his transport to the courthouse "when his appearance is needed or warranted." Doc. 93. This case has not been set for trial. See Doc. 77 ¶ 6. There are no hearings scheduled. Accordingly, there is no need for Carter to appear at the courthouse. Carter's motion for appearance and transport, Doc. 93, is denied as premature. This Court customarily orders that an inmate be made available in court when it schedules a hearing necessitating the inmate's presence or sets a trial date for the inmate's case.

### VII. Conclusion

For the reasons stated above, it is hereby ORDERED:

1. That Carter's motions to preserve rights, Docs. 60, 61, are denied.

2. That Defendants' motion for sanctions, Doc. 62, and Carter's motion to dismiss, Doc. 63, are denied.

3. That Carter's motion to re-screen the complaint and the amended complaint, Doc. 64, is denied.

4. That Carter's motion "unterminating" the SDSP, Doc. 66, is denied.

5. That Carter's motion to recover damages from all defendants, Doc. 67, is denied.

6. That Carter's motions to preserve rights, Docs. 72, 76, and motion for declaratory judgment, Doc. 75, are denied.

7. That Carter's motion to amend, Doc. 89, is granted in part and denied in part. To the extent Carter seeks to amend his complaint to seek injunctive relief against those defendants sued in their official capacities and to seek additional damages from those defendants sued in their individual capacities, his motion to amend is granted. Because the Court is granting Carter leave only to allege additional forms of relief, none of the Defendants are required to answer or otherwise respond to Carter's amended complaint. To the extent Carter seeks leave to file an amended complaint alleging all defendants should be liable for violating SDCL § 20-9-1; SDCL § 1-1A-4; 18 U.S.C. §§ 241, 242, and 249; 42 U.S.C. § 1985(3); and 42 U.S.C. §§ 1981, 1981a, 1986, and 1988, his motion is denied.

8. That Carter's motion for declaratory judgment and summary judgment for illegal release of medical records, Doc. 92, is denied.

9. That Carter's motion for appearance and transport, Doc. 93, is denied as premature.

DATED this 24th day of July, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE