UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW CARTER,<br><br>    Plaintiff,<br><br>vs.<br><br>KELLIE WASKO, SECRETARY OF CORRECTIONS, OFFICIAL CAPACITY; TERESA BITTINGER, WARDEN, OFFICIAL CAPACITY; SAMUEL YOST, UNIT COORDINATOR, OFFICIAL CAPACITY; CRAIG MOUSEL, MAIL ROOM CLERK, OFFICIAL CAPACITY; TAMMY MERTENS-JONES, CULTURAL SPIRITUAL ACTIVITIES COORDINATOR, OFFICIAL CAPACITY; ARAMARK CORRECTIONAL SERVICES, LLC, IN ITS INDIVIDUAL AND OFFICIAL CAPACITIES; AND MARLIN'S INC., d/b/a CBM MANAGEMENT d/b/a SUMMIT FOOD SERVICES, IN ITS INDIVIDUAL AND OFFICIAL CAPACITIES;<br><br>    Defendants. | 4:22-CV-04103-RAL<br><br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND PRODUCE, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME, AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

Plaintiff Matthew Carter, an inmate at the South Dakota State Penitentiary ("SDSP"), filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. On July 3, 2024, Defendants filed a motion for summary judgment and supporting pleadings. Docs. 101, 102, 103, 104, 105, 106, 107. To date, Carter has not responded to Defendants' motions for summary judgment, and this Court has extended Carter's time to respond to Defendants' motions for summary judgment two times. Docs. 117, 119. Carter now moves for a further extension of time to respond to Defendants' motions for summary judgment. Doc. 131. Carter has also filed a motion to compel and produce, Doc. 129,

and a motion for reconsideration of this Court's order denying his request for discovery, Doc. 132. The Court now considers Carter's pending motions.

## I. Motion to Compel and Produce (Doc. 129)

Carter alleges that at least two correctional officers sexually assaulted him on September 27, 2024, between 1:00 p.m. and 2:00 p.m. Doc. 129 at 2. He moves for an order compelling the South Dakota Attorney General's Office to preserve and to produce to the Court certain videos he contends support his allegations. Id. at 3. These new allegations do not relate to Carter's pending claims, and the deadline for moving to join additional parties and to amend the pleadings has expired. See Doc. 77 ¶ 2. Accordingly, Carter may not seek relief in this action arising out of the alleged sexual assault on September 27, 2024.[1] If Carter chooses to seek relief arising of the September 27, 2024, incident, he must file a separate civil action. Carter's motion to compel and produce, Doc. 129, is denied.

## II. Motion for Extension of Time (Doc. 131)

Defendants filed their motion for summary judgment, supporting affidavits, supporting memorandum, and statement of undisputed material facts on July 3, 2024. See Docs. 101, 102, 103, 104, 105, 106, 107. Carter's opposition papers were due on July 24, 2024. D.S.D. Civ. LR 7.1.B. Initially, this Court extended Carter's time for responding to Defendants' motions for

---

[1] Carter sent the Court an "emergency" letter dated October 8, 2024. Doc. 130. In this letter, Carter alleges that he has been assaulted on numerous other occasions as well. Id. Carter has not asserted an Eighth Amendment failure-to-protect claim in this action. This case has been pending for more than two years, all the deadlines in the Court's Rule 16 Scheduling Order have expired, and Defendants have motions for summary judgment pending. Accordingly, it would not be in the interests of justice at this stage of the proceedings to permit Carter to file a supplemental complaint asserting new claims against new parties that have arisen since he filed his initial complaint. But Carter's allegations are serious. Thus, the Clerk of Court is directed to send to Carter a Complaint for Violation of Civil Rights (Prisoner) packet so that Carter may pursue these assault allegations if he so chooses.

summary judgment until September 9, 2024. Doc. 117. When Carter moved for a further extension of time, Doc. 118, this Court extended Carter's time for responding to Defendants' motions for summary judgment until October 9, 2024. Doc. 119. Carter now moves for an additional forty-five (45) day extension of time to respond to Defendants' motions for summary judgment.[2] Doc. 131. Although Carter's pending motion for extension of time was filed after his deadline for responding to Defendants' motion for summary judgment had expired, the Court is aware that the SDSP was on lockdown in late September and early October, which may have impacted Carter's ability to respond to Defendants' motions for summary judgment as well as his ability to file a timely motion for extension of time. Thus, the Court will give Carter the benefit of the doubt and grant him one **final** extension of time to respond to Defendants' motions for summary judgment. Carter's motion for extension of time, Doc. 131, is granted in part and denied in part. Carter must file his papers opposing the Defendants' motions for summary judgment, Docs. 101, 113, no later than **November 4, 2024.** Absent extraordinary circumstances, no further extensions of time will be granted. Carter's opposition papers must comply with Federal Rule of Civil Procedure 56(c) and D.S.D. Civ. LR 56.1.

### III.   Motion for Reconsideration (Doc. 132)

Carter filed a "Motion for the Transport of & Motion for Time to Set Deposition of Matthew Tornquist # 37741." Doc. 108. This Court denied Carter's motion to schedule a deposition because the motion was filed after the discovery deadline and did not set forth good cause for amending the Court's Rule 16 Scheduling Order. Doc. 111. Carter has now filed a "Motion for Reconsideration of the Appearance of Matthew [Tornquist] as a 'Key' Witness at

---

[2] Carter's motion is dated July 18, 2024, but he sent it to the Clerk of Court for filing in an envelope postmarked on October 15, 2024. See Doc. 131 at 2–3.

Trial Along with the Showing of 'Good Cause.'"[3]  Doc. 132. To the extent Carter seeks reconsideration of this Court's previous order denying his motion to schedule a deposition after the discovery deadline, Carter's motion is denied. Carter's motion to reconsider does not set forth any facts, arguments, or authorities to support his request for reconsideration and, despite the caption of the pleading, does not set forth any good cause for amending the Court's Rule 16 Scheduling Order. To the extent Carter seeks an order regarding trial witnesses, the motion is denied a premature. Defendants' motions for summary judgment are pending, and there is no trial date. If necessary, after the Court rules on the pending motions for summary judgment, the Court will enter an order setting pre-trial deadlines, including a deadline for identifying trial witnesses. For these reasons, Carter's motion for reconsideration, Doc. 132, is denied.

## IV.   Conclusion

For these reasons, it is

ORDERED that Carter's motion to compel and produce, Doc. 129, is denied. The Clerk of Court is directed to send to Carter a Complaint for Violation of Civil Rights (Prisoner) packet. It is further

ORDERED that Carter's motion for extension of time, Doc. 131, is granted in part and denied in part. Carter must file his papers opposing the Defendants' motions for summary judgment, Docs. 101, 113, no later than **November 4, 2024**. It is finally

---

[3] Carter's motion is dated July 18, 2024, but he sent it to the Clerk of Court for filing in an envelope postmarked on October 15, 2024. See Doc. 131 at 2–3.

ORDERED that Carter's motion for reconsideration, Doc. 132, is denied.

DATED this 23rd day of October, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE